v. Doe. Mr. Margulis Onuma, good morning. You have your seat reserved two minutes for rebuttal and you can begin whenever you're ready. Thank you very much, Your Honor. May it please the Court. I'm Zachary Margulis Onuma, the lawyer for Javier Lopez, who is the appellant defendant in this case. So on June 20th of last year, we had the sentencing in this case. On the very same day, the law that governed that sentencing changed. The judge at the time, correctly under this Court's precedent in United States v. Williams, took into account the retributive factors as a general matter of 3553A of the Title 18 of the U.S. Code and came to a conclusion on a sentence that was higher than either of the parties asked for, of 24 months. That same day, Esterhaz was decided and the judge, district courts were instructed not to take into account the retributive factors of 3553A in the context of a sentencing for a violation of supervised release. There's no way I could have known that, the government could have known that, or the judge could have known that at the time. And what we're asking for today is this Court to remand, to give the judge a chance to sentence Mr. Lopez again, based on the correct interpretation under Esterhaz of the statute governing the sentencing. Esterhaz didn't change our law. Sorry? Esterhaz didn't change the law of this circuit. We had always said that it's the seriousness of the breach that is the focus, not the underlying conviction. And obviously, the statute itself leaves out 2A. So what indication is there that district court did what you're suggesting? The district court did cite 2A, but it specifically left out the word offense and substituted the word violation, right? It says the seriousness of the violation. Only in the first — in the first time he mentioned it, yes, but then he goes on to mention the — for the sentence imposed to reflect the need to promote respect for the law. He's not limiting that to the violation. And remember, this is a murder case. So the — my client had only gotten 13 years for a murder, and then he went out and violated, and — Well, isn't promoting respect for the law also deterrence, right? Doesn't that promote respect for — isn't that a reference to deterrence? But promoting respect for the law and providing just punishment are — were specifically in Estoros set factors that could not be taken into account. Well, Estoros was very clear in the government side of the footnote that said you can't consider the seriousness of the underlying offense, but the — they're not addressing whether or not you can consider the seriousness of the violation, the retributive factors as it relates to the violation itself. They specifically said we do not address that, right? So how could it be plain error? Well, because it — based on what he said, he — he is considering the — He's considering the seriousness of the violation. He clearly said that. Right. But you're not suggesting that in Estoros you can no longer — you know, A — 2A refers to the — to reflect the seriousness of the offense. And so you can't consider the seriousness of the underlying offense when you're posing a sentence on a supervised release violation. But you can consider the seriousness of the violation. So — so maybe we can agree. Okay. So that's what the district court said. I'm considering the seriousness of his violations. It's Appendix 91. The need for the sentence opposed to reflect the seriousness of his violations. And then he goes on to say the need to promote respect for the law and to provide just punishment. And those are both factors that Estoros said you can't consider. But that applies to a violation of supervised release, respect for the law. Well, I don't — I don't — I don't think — I don't think that was clear, and — and I think it was plainly not, actually, which I have to show. I agree on the standard of review, because he — the district judge focused on the leniency he had previously shown in — in — in sentencing my client to only 13 years for a murder. So I — I think what he's talking — Because of the law, because he put a granting supervised release under the terms he did, providing — he was — he was — he was trusting the — the defendant. Yeah. To — to them. And — and clearly, a breach of trust is — is probably considered a violation. Absolutely. Absolutely. But he went beyond — Why was that — why was that — is that the answer here? Because he went beyond considering the breach of trust and — and — and considered the need to promote respect for the law and to promote just punishment. And those are both things that Esterház said you may not consider in this context, as opposed to a new violation. If they wanted — if the government wanted to punish Mr. López for — in — in order to promote respect for the law and provide just punishment, it could have just charged him with the new — the new drug trafficking that he admitted to in — in the violation. They chose not to. And actually, remember, they asked for a — a — a sentence under 24 months, and the — the judge settled at 24 months. So this really did have an effect on the ultimate — on the ultimate sentence. Just — just to address — I want to clarify and make sure that we're on the same page with — with respect to Williams. So — and — and the law previous to this in the Second Circuit was quite clear that the judge — in Williams, this Court said that the sentencing judge has to consider all of the 3550 — has to consider the enumerated 3553 factors, which exclude the retributive factors, and may consider the retributive factors. So Esterház clearly abrogates that. It's clearly a change in law. If — if — if Judge Gardethi were to sentence López today, as opposed to on June 20th, or better, on June 19th, because that's the day the case came down, he would — he would have to exclude explicitly or — I mean, he would have to exclude from his consideration these retributive factors, 100 percent clear with respect to the underlying violation — underlying crime, and also under the concurrence. When he referred to the seriousness of — seriousness, he never referred to the underlying offense. There's no point in this transcript when he was talking about how serious the — the violation was that he ever referenced the underlying offense. Yes. And as Judge Walker pointed out, he did mention prior leniency later, but that was in consideration was, like, look, you were shown prior leniency, and you went back and did the same thing again. So that could be an indication of, like, deterrence. You're not — you've not been deterred. There are several points where he says, you know, you've gone back to doing the exact same thing. You've gone back to — so — Esterház doesn't cover — doesn't — doesn't apply to that situation, where there's a — a reference to the prior sentence as being lenient, and then the defendant breaches the trust that's placed on him, and so he does release. Your Honor, the same terminology was used, I believe, in Esterház, that the — that the district judge in Esterház focused on the leniency of the prior offense as part of — part of the reason that it was clear that he was considering retribution in — in — in sentencing on the violation. But I think it does. And the — and the point — the point on — on leniency is that it is referential to the old offense, and looking at the old — the old — all of the facts and circumstances, there was frustration from the judge, sure, about the current conduct, but also because he had been so lenient in the past. And he said that — you know, he said, I think, clearly enough, that one of the reasons for my sentence here is to promote respect for the law. That supports a breach of — of trust analysis, the fact that you've been lenient — lenient in the past. But the — what I'm suggesting is the breach of trust doesn't get you all the way up to the 24 months that he imposed. Sure, there's a breach of trust. Sure, I'm not saying my client shouldn't be punished at all. To the contrary, we ask for six months. The breach of trust can be greater when you've been shown prior leniency? Isn't that a reasonable thing for a judge to say, that the breach is greater here because you were shown leniency, and instead of being law-abiding, you went back and committed the same type — you know, you committed another violation? I would suggest that that is — that is getting pretty close to the line, if not over it, to retribution. And in the — in the facts and circumstances here, and the way the judge enunciated it here, without the benefit of esteros, it crossed the line into retribution. All right. All right. Let's hear from the government. And we'll hear from Dr. Buck. Thanks. Thank you. Good morning, Your Honor, and may it please the Court. Frank Balsamillo with the United States. I represent the government on this appeal, as I did in the district court below. Judge Gargafee did not err, much less commit any plain error, when imposing a low-end guideline sentence after the defendant violated supervised release first by selling cocaine and fentanyl, and then, while awaiting sentencing, after admitting that specification, and while released on bail, again getting caught selling cocaine and heroin. That conduct, recidivism, while on bail in the very violation proceeding on which he was awaiting sentencing, was an obvious and extraordinary breach of the Court's trust. And Judge Gargafee made clear that that breach of trust was his primary focus at sentencing. The defendant has read a few sentences from Judge Gargafee's comments and — and indicated that they violate asterisks by considering retribution for the underlying offense. And as — as Your Honors have noted, Judge Walker and Bianco, offense versus violation is critical here. Judge Gargafee drew that distinction in saying that he was looking at the seriousness of the violation. Had Judge Gargafee been focused on the seriousness of the underlying conduct, it's hard to imagine he would have bailed the defendant in the first place and given him the opportunity to work and prove it could be law-abiding. That's what Judge Gargafee did. And when the defendant reoffended, that breach of trust became pronounced, as did the significant needs for deterrence and to protect the  This Court has previously, just after our briefing in this case into Jesus Melendez, which is Docket 24-2067, noted the exact same sort of thing, that the discussion of a sentencing judge about prior crimes in context is for a purpose of explaining why prison is needed to promote deterrence and to protect the public. Finding otherwise would be equivalent to saying every time at sentencing the court is looking at the PSR and all of the prior convictions, that they're punishing the defendant for all of those prior convictions, when, in fact, it's clearly the context for their — the application of the appropriate sentencing factors, which is what Judge Gargafee did here. Unless the Court has any questions, we'll rest on our briefs. All right. Thank you. Thank you. Mr. Margulis, do you have a question? Just briefly, based on Your Honor's questions, I would commend you to page 16 of our brief, in which an Eleventh Circuit case horn, which I think may have been cited in the government's brief, was on all fours with this, where the judge considered — considered the nature and circumstances of the violations that bring Mr. Horn back before the Court, the need to promote respect for the law and provide deterrence. And the — the Court in that case, in the Eleventh Circuit, ruled that that was not enough to save the sentence from — from plain error, because using the word violation in lieu of the word offense did not — was not a clear enough indication that the judge was not relying on retributive factors in that case. So it's just — it's another court analyzing very, very similar language that did go — that did go our way. Again, looking at the whole case, the underlying crime and the instant sentencing, it's clear enough, and — and the law, the state of the law at the time the — the judge ruled, the district judge ruled, it's clear enough that he was considering retribution for the very serious underlying crimes, as well as the other factors. Did he ever refer to the offense rather than to the violations? Did — Judge Gardefee in this case? Did — did he — did he use the word — Did he — when he was discussing the need to promote respect for the law or to provide just punishment and seriousness of — the seriousness of the violation, did he always refer to violation rather than the offense? Well, I — I'm not — I'm not — I'm not sure. I'd have to go back and look. I can't cite you chapter and verse. We were focused on his reference to the — the prior leniency and the criminal record of the defendant. Again, I'm not denying that he was focused on the breach of trust and the new crimes, and that was definitely driving the sentence. What I'm saying is he also plainly, under his own language, considered the factors that that very day became prohibited factors. All right. Thank you both for a reserved decision. Have a good day. Thank you, Your Honor.